UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| VIVEK SHAH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 16-472-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On December 20, 2016, federal inmate Vivek Shah filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for the purpose of challenging a prison disciplinary conviction.[1]  [Record No. 1]  Documents attached to the petition showed that Shah appealed the conviction to the Bureau of Prisons' Mid-Atlantic Regional Office on August 15, 2016.  After he was denied relief on October 26, 2016, Shah appealed to the BOP's Central Office on November 1, 2016. [Record No. 1-2 at 2-4, 16-17]

On December 23, 2016, the Court noted that, by regulation, Shah's appeal "is considered filed on the date it is logged into the Administrative Remedy Index as received." The same regulation provides the Central Office with forty calendar days to decide an appeal, which may be extended by twenty days if additional time is needed to properly respond.  28 C.F.R. § 542.18.  While the regulation also permits an inmate to treat the

---

[1]  Shah's petition was docketed on December 22, 2016, but a prisoner's pleading is presumptively deemed filed on the day he signs it.  *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

-1-

absence of a timely response to an appeal as a denial, Shah filed this action forty-nine days after he mailed his Central Office appeal, before the sixty days to which the Central Office is entitled to respond had expired.  As a result, Court noted that Shah's petition was premature, and invited him to provide an explanation why his petition should nonetheless be considered on the merits.  [Record No. 5]

Shah has filed a response which contains factual and legal arguments.  He indicates that he has been unable to confirm that the Central Office received his appeal despite numerous checks in November.  Shah expresses concern that his mailing label may have been "fried" by the X-ray or Gamma scanners used to screen mail.  [Record No. 8 at 1-3] Shah also argues that he timely submitted his appeal to the Central Office and that any failure by that office to receive it and respond to his claims is not attributable to him. Therefore, Shah contends that his administrative remedies should be deemed exhausted. [Record No. 8 at 4-10]

These arguments all miss the mark:  the documents Shah filed with his petition show or strongly suggest that his appeal to the Central Office was timely filed.  But they also establish that he did not give the Central Office sufficient time respond to his grievance before filing his petition (assuming that it was received).

Shah also includes a grab-bag of legal theories to excuse his failure to exhaust administrative remedies.  He makes a passing argument that, because his constitutional challenge to the disciplinary offense cannot be remedied through the grievance process, exhaustion is not required.  [Record No. 8 at 11]  That argument is without merit.  *Porter*

*v. Nussle*, 534 U.S. 516 (2002).  Shah is correct that a court may not deny a habeas petition upon initial screening merely because the petitioner "fail[ed] to plead or attach exhibits with proof of exhaustion" to his petition.  *Luedtke v. Berkebile*, 704 F. 3d 465 (6th Cir. 2013).  However, the defect in Shah's petition is not what it *fails* to plead (i.e., the only question at issue in *Luedtke*), but what the petition and its exhibits plainly and affirmatively show:  that he had yet to fully exhaust his administrative remedies before he filed suit on December 20, 2016.

The case law is clear and uniform that where such a defect is apparent from the pleading itself, it may be dismissed without prejudice upon initial review.  *See Jones v. Bock*, 549 U .S. 199, 214-15 (2007) (district court can dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (where complaint made clear that prisoner failed to exhaust administrative remedies, district court may dismiss it *sua sponte* for failure to state a claim); *Fletcher v. Myers*, No. 5:11-141-KKC (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis."); *Smith v. Lief*, No. 10-08-JMH, 2010 WL 411134, at *4 (E.D. Ky. Jan. 27, 2010); *Gunn v. Ky. Dept. of Corrections*, No. 5:07CV-P103-R, 2008 WL 2002259, at *4 (W.D. Ky. May 7, 2008); *Deruyscher v. Michigan Dept. of Corrections Health*, No. 06-15260-BC, 2007 WL 1452929, at *3 (E.D. Mich. May 17, 2007).

Because Shah filed his petition before giving the BOP's Central Office sufficient time to respond, the Court will deny it as prematurely filed.  This denial is without prejudice to Shah's right to file a new petition, and does not reach: (i) the merits of the petitioner's claims, or (ii) the question of whether, after the Central Office's sixty-day response window passed, Shah should be deemed to have exhausted his administrative remedies in light of the Central Office's failure to receive the Form BP-231 Shah indicates he mailed on November 2, 2016.

Accordingly, it is hereby

**ORDERED** that Shah's petition for a writ of habeas corpus [Record No. 1] is **DENIED** and this action is **DISMISSED**, without prejudice.

This 9th day of January, 2017.

Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**